IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID JAMES WEST,<br>　　　　Plaintiff, | §<br>§<br>§ | |
| vs. | § | No. 3:19-CV-2522-K-BH |
| | § | |
| DONALD J. TRUMP,<br>　　　　Defendant. | §<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is *Defendant United States of America's Motion to Dismiss*, filed January 6, 2020 (doc. 12.) Based on the relevant filings and applicable law, the motion to dismiss should be **GRANTED**, and the plaintiff's complaint should be **DISMISSED** without prejudice for lack of jurisdiction.

## I.    BACKGROUND

On October 24, 2019, Plaintiff David James West (Plaintiff) filed a *pro se* complaint alleging "Trespass- Dereliction of Duty" against Donald J. Trump, in his official capacity as President of the United States, and seeking monetary damages. (*See* doc. 3 at 1.)[2] He claims that the President committed trespass by "allowing me to remain injured, my property and time forever lost by the actions of poor employees of the United States of America business I have ownership in." (doc. 3 at 1.) Based on the alleged trespass, which he claims began on February 13, 2013, and continued through the date of the complaint, and which appears to arise from a prior federal criminal case against him, Plaintiff seeks damages in the amount of $85,754,387.70. (*See id.* at

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in this action, 3:19-CV-2522-K-BH. Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

2.) Attached to the complaint are (1) correspondence to the President regarding Plaintiff's alleged trespass claim; (2) various certified mail receipts; (3) court filings from *United States v. David James West*, No. 2:12-CR-049-J (02) (N.D. Tex.)[3]; (4) court filings from *West v. Robinson*, No. 2:18-CV-167-D (N.D. Tex.)[4]; and (5) court filings from *West v. Cobb*, No. 3:19-CV-675-L (N.D. Tex.)[5].  (*See id.* at 5-23.)

On January 6, 2020, the United States of America (Defendant) filed a *Notice of Certification Pursuant to Westfall Act for Substitution of the United States as Defendant*, which stated that the President was acting within the scope of his federal office with respect to Plaintiff's tort claim for monetary damages under the Federal Tort Claims Act (FTCA), and that the United States is deemed to be the defendant in his place by operation of law.  (*See* doc. 11.)  It also moved to dismiss this case for lack of jurisdiction, insufficient service, and failure to state a claim.  (*See* doc. 12.)  In correspondence dated January 23, 2020, Plaintiff stated he neither recognized nor understood a court order advising him of his deadline to respond to the motion to dismiss.  (*See* doc. 16 at 1.)  Defendant filed a reply on January 30, 2020.  (*See* doc. 17.)

## II.    JURISDICTION

Defendant first moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

---

[3] Plaintiff was convicted by a federal jury of unlawful sale and disposition of a firearm on March 25, 2013, and he was sentenced to a term of 24 months in prison, to be followed by a 3-year term of supervised release by judgment entered on June 26, 2013. (*See* No. 2:12-CR-49-J, docs. 119, 215.)  His conviction was affirmed on appeal. (*See id.*, docs. 265, 266.)

[4] On September 7, 2018, Plaintiff sued the federal district judge who presided over his criminal case and two probation officers, utilizing the form for making an administrative tort claim to a federal agency under the Federal Tort Claims Act, but he subsequently voluntarily dismissed the action. (*See* No. 2:18-CV-167-D, docs. 3, 11, 14.)

[5] Plaintiff also filed suit against an employee of the Amarillo Division of the Clerk's Office, alleging trespass for the theft of time and money, and the lawsuit was transferred from the Dallas Division to the Amarillo Division. (*See* No. 3:19-CV-675-L, docs. 3, 5.)  The case was construed as arising under the Federal Tort Claims Act and was dismissed for lack of subject matter jurisdiction on December 4, 2019. (*See* No. 2:19-CV-58-Z, docs. 28, 32, 33.)

**A.     Rule 12(b)(1)**

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  A court must dismiss the action if it determines that it lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

The district court may dismiss for lack of subject matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).  A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).  If sufficient, those allegations alone provide jurisdiction.  *See id.*

If the defendant supports the motion with evidence, however, then the attack is "factual" and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413.  A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).  Regardless of the nature

of attack, the party asserting federal jurisdiction continually carries the burden of proof to show it exists. *See id.*

Here, Defendant has not attached any documents to its motion, relying only on Plaintiff's complaint and the attachments. The motion therefore presents a facial attack that does not require the resolution of factual matters outside the pleadings. *See 7-Eleven, Inc. v. Digital Display Networks, Inc.*, No. 3:12-CV-4292-L, 2013 WL 5305811, at *3 (N.D. Tex. Sept. 20, 2013).

**B.    Federal Tort Claims Act**

Defendant argues that Plaintiff's claim should be construed as arising under the FTCA because he relies on the administrative tort claim form that he filed in his prior action against the federal district judge who presided over his criminal trial, and that it should be dismissed because he has failed to exhaust his administrative remedies under the FTCA. (*See* doc. 12 at 2-4.)

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. N.D. ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983).[6] "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Because sovereign immunity is jurisdictional in nature, the consent or waiver must be unequivocally expressed. *Freeman v. United States*, 556 F.3d 326, 335 (5th Cir. 2009).

Under the FTCA, "Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214,

---

[6] The only proper defendant in an FTCA action is the United States. *See* 28 U.S.C. § 2679(a); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1983). Defendant filed a certification under the Federal Employees' Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, and codified at 28 U.S.C. § 2679, stating that the President was acting within the scope of his federal office with respect to Plaintiff's tort claim for monetary damages and substituting itself as the defendant in place of the President. (*See* doc. 11.) Section 2679(d) provides that an action against a federal officer or employee for an alleged tort (such as the one alleged by Plaintiff) while in the scope of employment is deemed an action against the United States, and that it shall be substituted as the defendant. *See* 28 U.S.C. § 2679(d).

217-18 (2008); *see also* 28 U.S.C. §§ 1346(b)(1), 2671-2680.  To successfully sue under the FTCA, a claim must be: (1) against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or omission of any employee of the federal government; (5) while acting within the scope of his or her employment; and (6) under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the state law where the act or omission occurred.  28 U.S.C. § 1346(b); *FDIC*, 510 U.S. at 477-78.  Plaintiff's claim appears to arise under the FTCA and is so construed.

"The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also Price v. United States*, 69 F.3d 46, 54 (5th Cir.1995).  Section 2675(a) of the FTCA provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. . . .

28 U.S.C. § 2765(a).  A plaintiff "gives proper notice within the meaning of § 2675(a) only when the agency obtains sufficient written information to begin investigating and the claimant places a value on his claim." *Cook v. United States Dep't of Labor*, 978 F.2d 164, 165 (5th Cir. 1992).  Although a particular method of giving notice is not required, plaintiffs usually give notice by filing a "Claim for Damage, Injury or Death" with the appropriate federal agency.  *See id.* (citing *Williams v. United States*, 693 F.2d 555, 557 (5th Cir. 1982) and *Crow v. United States*, 631 F.2d 28, 30 (5th Cir. 1980).  Notice to the appropriate federal agency must be provided within two years

after the tort claim accrues. *See In re FEMA Trailer Formaldehyde Prods. Liability Litigation*, 646 F.3d 185, 189-90 (5th Cir. 2011). Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the FTCA, and absent compliance with this requirement, district courts are without jurisdiction. *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989) (per curiam); *see also Jones v. United States*, No. 3:18-CV-1738-N, 2018 WL 7286176, at *3 (N.D. Tex. Dec. 31, 2018).

Plaintiff has not alleged or shown that he has met the jurisdictional prerequisite by exhausting administrative remedies in compliance with § 2675(a) by first timely presenting his claim to the appropriate federal agency, or that this exhaustion requirement should be excused. Although he attached to his complaint the administrative tort claim form dated September 6, 2018, which he filed in both of his prior civil cases, this form is insufficient to establish exhaustion for this case. (*See* doc. 3 at 15.)

In his administrative claim form, Plaintiff named the "U.S. Courts – North District – Amarillo" and the federal judge who presided over his criminal case as the appropriate federal agencies, and he appeared to claim that they violated the Eleventh Amendment and filed a false charge against him in connection with his 2013 federal criminal case. (*See id.*) He also listed the names of other individuals he believed were involved and set the dollar amount of his claim at $1,000,000.[7] (*See id.*) Plaintiff's asserted claims were based on the alleged acts or omissions of the parties and individuals identified in the form. (*See id.*) No claims were alleged against the President, and the President was not identified by Plaintiff as a person involved in the claim. (*See id.*)

---

[7] These individuals are identified by Plaintiff as U.S. Probation officers, an agent, and the mother of Plaintiff's son. (*See* No. 2:18-CV-167-D, doc. 3 at 3.)

Plaintiff asserted a claim against the President for the first time in this lawsuit. (*See* doc. 3 at 1.) This claim is based on the President's alleged acts or omissions relating to the actions of federal employees that he claims resulted in Plaintiff's alleged injury and property loss. (*See id.*) Although Plaintiff's current claim against the President appears to be related to the claims previously alleged by Plaintiff in connection with his federal criminal case, he asserts a new cause of action based on the alleged acts or omissions of a different individual, namely the President. He was required to exhaust his administrative remedies on this claim against the President before filing suit by timely providing the appropriate federal agency with sufficient information from which an investigation can be conducted and by placing a value on the claim. *See Cook*, 978 F.2d at 165; *Dudley v. United States*, No. 4:19-CV-317-O, 2020 WL 532338, at *10 (N.D. Tex. Feb. 3, 2020) ("[T]he Fifth Circuit held that an FTCA action can only be 'based on particular facts and theories of liability' that 'can be considered part of the plaintiff's administrative claim.'") (quoting *Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir. 1980)). Plaintiff's attached administrative form does not contain any specific information about, or place a value on, his current claim against the President. (*See* doc. 3 at 15.)

Accordingly, Plaintiff's claim form attached to his complaint and submitted in his prior civil lawsuits does not satisfy the exhaustion requirements for his claim in this lawsuit. To the extent he relies on this form to establish exhaustion, Plaintiff has failed to meet his burden. *See Cook*, 978 F.2d at 166 (holding that plaintiff did not timely provide sufficiently specific information to appropriate federal agency about his claim). Because Plaintiff has not met his burden establishing federal jurisdiction over his tort claim against the President, it should be

dismissed for lack of subject matter jurisdiction. *See, e.g.*, *Jones*, 2018 WL 7286176, at *3 (dismissing FTCA claims for failure to exhaust administrative remedies).[8]

### III. SANCTIONS

Defendant also moves to dismiss on the basis of a sanctions order that prohibits Plaintiff from proceeding in any federal civil lawsuit without first seeking the permission of a judicial officer. (*See* doc. 12 at 2.)

Shortly after this lawsuit was filed, Plaintiff was sanctioned in No. 2:19-CV-58-Z as follows:

> The Court is not imposing a monetary sanction at this time. However, with the exception of a Notice of Appeal that can be filed in this case, Plaintiff must first seek the permission of a federal judicial officer before proceeding in any other civil lawsuit in any federal court. This includes any filings in the present case, with the exception of a Notice of Appeal of a final judgment. If Plaintiff fails to obtain permission from a judicial officer of this district before filing a new civil lawsuit or any additional filings (other than a Notice of Appeal) in the present lawsuit, these future submissions will be discarded without filing.

(No. 2:19-CV-58-Z, at doc. 32.) Because this sanction order was issued after Plaintiff filed this lawsuit, and it is expressly references the filing of a "new civil lawsuit," it is not construed as requiring judicial permission to proceed in this pending case. He is reminded that he may be subject to additional sanctions, including a bar against all new filings and possible monetary sanctions, in the event he continues to file malicious and/or frivolous documents in this or any other case. (*See id.*)

### IV. RECOMMENDATION

*Defendant United States of America's Motion to Dismiss* should be **GRANTED**, and Plaintiff's complaint should be **DISMISSED** without prejudice for lack of jurisdiction.

---

[8] Because there is no subject matter jurisdiction over Plaintiff's claim, Defendant's additional arguments under Rule 12(b)(5) and 12(b)(6) need not be addressed.

**SIGNED** this 23rd day of July, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE